█ In the Matter of JOHN CAVESE, an Infant, by JAY D. SILVERSTEIN, His Guardian ad Litem, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR, *inter alia*, to review a determination of respondent Lavine, dated March 28, 1973, which, after a statutory fair hearing, affirmed an order of respondent Shuart discontinuing petitioner's public assistance. Proceeding dismissed on the merits and determination confirmed, without costs. Based upon the evidence adduced at the fair hearing, it is reasonable to conclude that petitioner willfully failed to appear for his job interview. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

█ In the Matter of IVY TAVERN INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated April 11, 1972 and made after a hearing, suspending petitioner's liquor license for a period of 30 days. Petition granted and determination annulled, on the law, without costs. Petitioner was charged with having "suffered or permitted" its premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. Specifically, the Authority alleged that on one occasion a bartender shot a patron. The bartender was neither a manager nor a shareholder, but only a part-time employee. Petitioner's principal officer and stockholder was on the premises for 12 hours on the day in question and left prior to this incident. To impute an employee's illegal activities to the corporate licensee, it must be demonstrated that the manager or a corporate officer had knowledge or the opportunity to acquire knowledge of the illegality (*Matter of Triple S. Tavern* v. *New York State Liq. Auth*, 40 A D 2d 522, affd. on opn. at App. Div., 31 N Y 2d 1006). This was not shown here. Petitioner has had a license since 1950 and there have been no previous charges of disorderliness. The bartender had worked at the premises for about three weeks, on weekends only, prior to this incident, with no acts of violence. Under these facts, respondent's determination cannot stand. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Cohalan, JJ., concur.